I respectfully dissent from the opinion of the majority. I would affirm the trial court as I agree with the reasoning set forth by the trial court. The majority finds that "Hamilton is precluded from pursuing an alternative cause of action for reformation in which he now claims the contract between the parties is different from the written one he sued upon in support of his breach of contract claim." I disagree with that conclusion. Hamilton sued for breach of contract claiming that "Nationwide breached its obligation to notify Hamilton, Inc. and to afford Hamilton, Inc. an administrative review." (See Count One of the Second Amended Complaint.) Hamilton claimed that a provision in the contract allowing the agency to have access to the Agents Administrative Review Board was inconsistent with a clause in the contract allowing the agency to terminate the agreement between agent and agency without cause. The jury agreed that Nationwide breached the contract. The Ohio Supreme Court reversed and found that the contract between the parties was not ambiguous and that the contract with Hamilton could be terminated at will. Based on that reasoning, Nationwide did not breach the contract. Hamilton pled in its complaint that if the contract permitted Nationwide to terminate "without cause" then the contract should be reformed to reflect the intent of the parties that Hamilton's agency rights could only be terminated for breach of contract (and, therefore, could not be terminated without cause). I would not find that Hamilton is precluded from pursuing its reformation claim. The reformation claim does not become relevant until and unless the contract is interpreted to mean that termination can be without cause.